which is Scott Tucker v. United States, Case No. 24-2864. Thank you. Good morning, Your Honor. Benjamin Silverman for Scott Tucker. Here on the COA standard asking only whether the District Court's ruling was at least debatably wrong, the District Court avoided relief on two egregious sets of facts based on mistaken and at minimum debatable applications of Strickland prejudice and procedural default, two principles that it partially conflated and confused at pages 29-33 of its opinion. This Court and the Supreme Court have been clear that when there is a per se conflict such as existed here, when a court-appointed lawyer mid-trial approaches the same office prosecuting his client to seek immunity for his own crimes, prejudice does not need to be established and vacateur is automatic. Similarly... Was he seeking immunity or was he seeking to cooperate in the possible prosecution of somebody who was blackmailing him? Well, either way, he conceded he had criminal exposure, so he was proffering. The standard proffer agreement contains certain kinds of limited immunity. And then as a cooperator, he would either have to plead guilty or receive a non-prosecution agreement, but he conceded at the cursio hearing that he had criminal exposure. He conceded he had criminal exposure? Yes, Your Honor. And he's saying that can't be waived. No. Well, it's not just that he had criminal exposure. That would be insufficient to reach the per se level. But to have criminal exposure and to be seeking protection from the very office, not the Manhattan DA's office, not some other U.S. attorney's office, but the very office that is prosecuting his client at trial at that moment is a per se conflict. Looking at Judge Friendly's opinion and Selena and his discussion about the concern that a compromised lawyer will have pushing too hard against his adversary, it fits these circumstances like a glove. And similarly... Wasn't this explored in the cursio hearing and Mr. Tucker waived any conflict or potential conflict? I think he said absolutely his decision was non-negotiable. So two points, Your Honor. First, at page 8, the district court... He did those things, right? He said that, Your Honor. And if Judge Castell had then said, no, I'm going to deny you your lawyer anyway, you'd be up here arguing that, right? Well, it wasn't an informed decision by Mr. Tucker because at page 8 of that transcript, Judge Castell disallowed the government from disclosing to him the full facts of what was going on. And per se conflicts are not waivable in any of that. Well, and no independent cursio counsel was appointed, right? That's correct. Mr. Raw... In spite of a direct request... But there was a direct request for independent request by the conflicted counsel to seal the courtroom because he was afraid of what would happen to him from the people against whom he was cooperating with the United States Attorney's Office. But similarly... Was that motion granted to seal the courtroom? No, but the transcript was placed under seal until it was unsealed in a footnote in the 2255 ruling. And when 2255 counsel who wrote the pleading for the 2255 filed it, they noted that they could not obtain that transcript. And the inability to obtain that transcript and to know about it would be one cause for the procedural default. The appellate lawyer needs to know the record and have access to it. And moreover, that appellate lawyer had also handled the charging conference. And part of the problem was that Tucker was given the choice between proceeding with the clearly conflicted counsel or proceeding with inadequate counsel, losing his lead counsel in the middle of the first ever payday usury trial to go to jury, a very complicated matter, and to be left... The issue was not raised on direct appeal, was it? That's right, Your Honor. And... So is the argument now that appellate counsel was ineffective for failing to raise it on direct appeal? So there are multiple causes for the procedural default. First is she was ineffective. And second, she apparently didn't know about it. Now, whether that was... She was actually part of the trial team, wasn't she? She was not present every day at the trial, but she assisted with legal matters. Is that potentially a conflict for her as well, if she would be asked to bring an ineffective assistance claim against a team she'd been part of? Exactly, Judge Merriam. And that's exactly the point that I was about to make. The choice that Tucker was given was to proceed with inadequate counsel, losing his lead counsel mid-trial, or to proceed with conflicted counsel. She being part of the inadequate of what would be left was hardly in a position to make a full-throated argument to the Second Circuit, assuming arguendo that she even knew about this, which I don't think she did, and certainly is not in the record. So either of those would be cause for the default. But moreover, and I don't know what the government's going to argue. They didn't submit a brief, and there won't be rebuttal. But I just want to say, with respect to another procedural default issue that they may raise, it's very important to keep in mind the district court talks at length about matters that are waived by being raised for the first time in the reply. But that's a misstatement of what happened here. A 2255 is called a motion for technical venue reasons, but under Rule 5, Rule 9, it is treated as a pleading, the same as if it was a habeas petition. And what happened here is the government moved to dismiss, in lieu of filing an answer under Rule 5, and we opposed. A procedural default being a non-jurisdictional, waivable, legal matter is not something that needs to be briefed in the first instance in the pleading. There could have been an answer and then motion practiced, or the government could have sought to put in a reply in further support of its motion to dismiss the pleading, but it did not do that. But there's no affirmative obligation to brief that waivable, non-jurisdictional, legal question in the pleading, and there's certainly no waiver by addressing it for the first time in opposition to the government's motion to dismiss. And just the other very egregious error is the district court's discussion of Weaver and his statement that even though there was a denial of the choice of counsel, that that structural error requires Strickland prejudice showing. Weaver, of course, was based on the very unique facts that it discussed at length, where there was a closure of the courtroom that could have been permissible if there had been an ex ante incantation by the district court as to its reasons, and under those circumstances, it did not apply Strickland prejudice. It applied a fundamental fairness standard. Whether that applies here is a debatable or arguable point that would require. Thank you, Your Honor. All right. Thank you. We have your argument. We'll hear from the government. May it please the court. I'm Jim Leitenberg. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States in this appeal. This court should deny the motion for a certificate of appealability because all of Tucker's claims have been procedurally defaulted. That conclusion is not- I'm sorry. Go ahead, Judge Tate. I was just going to say, it is pretty extraordinary for something like this to happen two weeks into the trial where Lee defense counsel finds himself doing a proper session with the government. Isn't that something that should be perhaps more fully explored? Your Honor, in any decision, the appellant would first have to overcome the procedural default. He can't do that here as Judge Castell properly determined. So even if there are issues there, the court does not need to weigh into it because this appeal is headed for a ruling that his claim was procedurally defaulted. And the court can- So this Catch-22 he's in where he's got an appellate counsel who's potentially not in a position to raise the argument that he now wishes to raise because she was part of the team that he says now would not have been adequate to represent him. That's a claim that was not raised in the 2255. Frankly, it's a claim that's been raised for the first time here at this podium. It's not in the motion for a COA. And critically here, the only argument, the only argument that you'll see in the Certificate of Appealability motion is for why procedural default should be excused. It's on pages 21 to 23. The only argument is that Judge Castell was wrong and that, in fact, Tucker did allege ineffective assistance of appellate counsel in the 2255. So if an argument is procedurally defaulted, can we, in the interest of justice, is this a forfeiture where we can say, look, this argument was forfeited, but in the interest of justice, we can consider it? We have that discretion? Or is there a bar on our ability to do that? It is a bar on your ability to do that unless this Court finds both cause and prejudice. And this Court has said that over and over again. So the defendant cannot show cause for a number of reasons. And the first is, this wasn't raised in the 2255. His COA motion points to two portions of the original 2255 motion. That's page 14 and page 19. Neither of those pages allege any ineffectiveness on the part of appellate counsel. Are we allowed to disregard the record in front of us? If it's not pointed to, are we allowed to? Do we have to disregard something in the record? Let's say it was something far more egregious than apparent. Would we be forced to disregard that if counsel on the habeas had failed to raise it? Are we allowed to consider something we identify in the record that counsel hasn't raised? You may be, but here there's no cause. There's been no showing of cause. Well, that's a different argument than he only argues on page 21, this portion. We've pointed out an issue we've noticed, and I'm asking you, are we allowed to take notice of aspects of the record that are not pointed to by counsel? And if not, is this a defendant who's arguing that he had ineffective assistance due to a conflict at his trial, ineffective assistance on appeal, on direct appeal potentially because of a conflict, and then arguably ineffective assistance, which isn't a thing, in connection with his habeas because his counsel failed to raise the argument we've identified? Even if the Court decides to consider that argument, which was never raised until this podium, there's no cause for finding ineffectiveness on the part of appellate counsel, as Judge Pestel. The only issue before us is whether to grant a certificate of appealability. We don't even have a brief from the government. Would it be imprudent to let it go forward and so that at a minimum the government could file a brief and make all these arguments that you're making now? Your Honor, the whole purpose of procedural default is to preserve finality, to preserve judicial resources. That's the point. And here, the only argument that the defendant has presented was that he, in fact, raised this argument in his original 2255. He hasn't demonstrated cause for the procedural default. He hasn't demonstrated prejudice. The Second Circuit, this Court itself, has said that the evidence was absolutely overwhelming. There's no indication that there would be any prejudice based on a different lawyer, based on this purported conflict. And so the whole point of this, of the procedural default rules, is to prevent claims like this that is headed for a ruling that this Court will ultimately reach that this was procedurally defaulted. It's at least eye-opening that, in a separate proceeding, the government seizing Mr. Tucker's assets seized the escrow account with a lawyer who was defending him in a criminal case. I think, Your Honor, it's not at all uncommon that a defendant in a criminal case will have some external factor that deprives him of some funds. But our office had nothing to do with that. Judge Kestel? Well, the one thing is he took somebody's bank account, and then they didn't have any money to pay a lawyer. But here, Mr. Tucker had chosen a lawyer and deposited funds. Is there a claim that there was an effort to money launder, to launder assets? Yes, he was charged and convicted with money laundering, Your Honor. But again, the Court doesn't need to get there, because the defendant hasn't demonstrated cause for the procedural default, and he hasn't demonstrated prejudice for the procedural default. The Court doesn't need to weigh into that question. It's simply not debatable whether this was procedurally defaulted. It was. Unless the Court has further questions, we'll rest on the record. All right. Thank you, counsel. Thank you to both counsel. We'll take that under submission.